**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4168**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MAURICIO GOCHEZ MURILLO,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:12-cr-00230-TDS-1)

Submitted:  November 6, 2013     Decided:  November 14, 2013

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Andrew Charles Cochran, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mauricio Gochez Murillo appeals his sentence totaling 130 months in prison after pleading guilty to interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) (2006), brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006), and illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a) (2006). Murillo's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether the district court erred by imposing a sentence of 130 months imprisonment. Murillo was notified of his right to file a pro se supplemental brief but has not done so. We affirm Murillo's sentence and the district court's judgment, but we remand for the purpose of correcting a clerical error in the written judgment under Fed. R. Crim. P. 36.

We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is

2

procedurally reasonable, we then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Moreover, a statutorily required sentence is per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

We have reviewed the record and conclude that Murillo's sentence is procedurally and substantively reasonable, and the district court did not err or abuse its discretion in sentencing him to 130 months in prison. The district court properly calculated his Guidelines range and reasonably determined that a sentence within the range on counts one and three, followed by the mandatory consecutive seven-year prison term on count two, was appropriate in this case.

As to count three, the district court adopted the presentence report and determined that Murillo's removal from the United States in 2009 was subsequent to his conviction for a felony in 2006, and the court correctly applied the penalty provisions under 8 U.S.C. § 1326(b)(1) (2006); U.S. Sentencing Guidelines Manual § 2L1.2 (2012). However, the written judgment erroneously states that Murillo was convicted of illegal reentry of an aggravated felon. See 8 U.S.C. § 1326(b)(2) (2006).

3

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment, but we remand to the district court with instructions to correct the written judgment to conform to the court's oral findings.

This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED AND REMANDED</u>